■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY M. FRIEDMAN, Appellant.—Judgment, Supreme Court, New York County (Marie G. Santagata, J.), rendered November 18, 1988, convicting defendant after a bench trial of bribery in the second degree and conspiracy in the fifth degree, and sentencing him to an indeterminate term of imprisonment of 2⅓ to 7 years, and a concurrent 1 year term, both to run consecutively to a previously imposed Federal sentence, unanimously modified, as a matter of discretion in the interest of justice, to provide that the term of 2⅓ to 7 years for bribery in the second degree and the one year term for conspiracy in the fifth degree run concurrently with the previously imposed Federal sentence, and otherwise affirmed.

The defendant, after conviction in the United States District Court, had been sentenced to a term of 12 years imprisonment, to be followed by 5 years probation, for his participation in a fraudulent conspiracy involving the New York City Parking Violations Bureau, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO; 18 USC § 1961 *et seq.; see, United States v Friedman,* 854 F2d 535, *cert denied* 490 US 1004). In the matter before us the defendant was convicted of bribery in the second degree and conspiracy in the fifth degree arising from the bribery of an officer of the New York Army National Guard.

The Trial Judge in Federal court, in imposing a very substantial sentence, made it clear that he was encompassing an umbrella of perceived misdeeds broad enough in its penumbra to cover the State charges. Moreover, the sentences imposed on others who have abused their public trust do not come close to approximating the penalty imposed on this defendant. Clearly, the concept of proportionality of punishment is one of the criteria to be considered regarding the severity of a particular sentence. *(See, Solem v Helm,* 463 US 277.) Thus, although cognizant of the continuing need to punish and deter public corruption, we deem that aspect of defendant's sentence

which provides that it run consecutively to the 12 year Federal sentence the defendant is now serving, to be "unduly harsh or severe" (CPL 470.15 [2] [c]). We accordingly modify the sentence to provide that it run concurrently with defendant's Federal sentence. We have considered the defendant's remaining contentions and find them to be without merit. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Smith, JJ.